### JACOB BRUTSCHER v. OSCAR P. JACOBSON.[1]

December 9, 1921.

No. 22,450.

**Negligence — contributory negligence.**

1. The evidence is such as to sustain a finding that both parties to a collision of vehicles were negligent and that plaintiff cannot recover.

**New trial not warranted.**

2. There was no showing of misconduct on the part of defendant or of newly discovered evidence sufficient to warrant a new trial.

**Charge to jury.**

3. There was no error in the charge of the court to the jury.

Action in the district court for Morrison county to recover $505 for injuries to plaintiff's horse, buggy and person received in a collision with defendant's automobile. The answer interposed a counterclaim of $100 for damages to defendant's automobile. The case was tried before Parsons, J., and a jury which returned a verdict for defendant. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*D. M. Cameron,* for appellant.

*N. N. Bergheim,* for respondent.

[1]Reported in 185 N. W. 934.

HALLAM, J.

1. On an evening in March plaintiff was driving his horse and buggy north on a country road. Defendant was driving his auto south. They collided. The graded road was good and was 36 feet wide. Defendant's headlights were lighted. Plaintiff saw the lights when the auto was far enough away for him to turn out. He thought they must be far away and kept the center of the road until the auto was almost upon him. Defendant was also in the center of the road. As to what happened as they met the evidence is in conflict. Plaintiff says he turned off to the right and as he turned he was struck. Defendant, in his answer, alleged that plaintiff kept the middle of the road. In his testimony he said plaintiff was in the center of the road, if anything, crowding him on the left hand side, and when he saw plaintiff there was not time to turn out. He also testified that, as the parties collided, both swung to the east. At another place in his testimony he says plaintiff swung to his left. At another place he spoke of plaintiff turning to his right. The jury might have found that it made little difference which way plaintiff turned, for the evidence on the part of defendant is such that the jury might well find that a collision was then inevitable, whichever way the parties turned.

It is difficult to escape the conclusion that defendant was negligent. We think, however, that the evidence sustains a finding that plaintiff also was negligent in keeping the center of the road, until too late to avoid an accident, and on that theory the verdict may be sustained.

2. After the trial plaintiff moved for a new trial on the ground among others of newly discovered evidence. Defendant thereupon submitted an affidavit, in which he said that plaintiff kept the middle of the road. Plaintiff contends that this statement was inconsistent with his testimony and constituted both misconduct on his part and newly discovered evidence and warranted a new trial. As above noted, this statement is the same as the allegation in the answer and it is not so out of harmony with defendant's somewhat confused testimony as to furnish any ground for a new trial.

3. Plaintiff assigns as error the giving of certain instructions to the jury. Several paragraphs of the charge are embraced in one assignment

of error. We do not deem it necessary to reproduce in this opinion the somewhat lengthy paragraphs to which exception is taken. We have examined them with care and are of the opinion that there was no error.

Judgment affirmed.